IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Houston Division

**CHRISTOPHER WILLIAMS, ET AL**
        **Plaintiffs,**

VS.                                  Case No. H-4:13-cv-00036

**TREND SERVICES, INC.**              **JUDGE GRAY H. MILLER**
        **Defendant**

---

**DEFENDANT, TREND SERVICES, INC.,
FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

    **NOW INTO COURT**, through undersigned counsel, comes defendant, **TREND SERVICES, INC.**, who does hereby amend its Original Answer and asserts Affirmative Defenses as follows:

**FIRST AMENDED ANSWER**

    1.    The allegations of Paragraph 1.1 of the Original Petition constitute conclusions of law, and as such, require neither an affirmative nor a negative response.  However, insofar as an answer is deemed necessary, those allegations are denied.

    2.    The allegations of Paragraph 1.2 of the Original Petition constitute conclusions of law, and as such, require neither an affirmative nor a negative response.  However, insofar as an answer is deemed necessary, those allegations are denied.

    3.    The allegations of Paragraph 1.3 of the Original Petition are denied.

    4.    The allegations of Paragraph 2.1 of the Original Petition are admitted as they pertain to this Court.

    5.    The allegations of Paragraph 2.2 of the Original Petition are denied.

6. Defendant lacks sufficient information to admit or deny allegation in the paragraph identified as Paragraph 1.3 under Section 3 of the Original Petition.

7. Defendant admits that it is a company incorporated under the laws of the State of Louisiana. The remaining allegations of the paragraph identified as Paragraph 2.3 under Section 3 of the Original Petition are denied.

8. The allegation of Paragraph 4.1 of the Original Petition is a state court procedural allegation which does not require an affirmative or negative response of Defendant.

10. The allegations of Paragraph 4.2 of the Original Petition do not require an affirmative or negative response of Defendant.

11. Defendant admits that plaintiff, Christopher Williams, is a former employee of Defendant. All other allegations of Paragraph 5.1 of the Original Petition are denied.

12. The allegations of Paragraph 5.2 of the Original Petition are denied.

13. The allegations of Paragraph 5.3 of the Original Petition are denied.

14. The allegations of Paragraph 5.4 of the Original Petition are denied.

15. The allegations of Paragraph 5.5 of the Original Petition are denied.

16. The allegations of Paragraph 5.6 of the Original Petition are denied.

17. The allegations of Paragraph 5.7 of the Original Petition are denied.

18. The allegations of Paragraph 5.8 of the Original Petition are denied.

19. The allegations of Paragraph 6.1 of the Original Petition are denied.

20. The allegations of Paragraph 6.2 of the Original Petition are denied.

21. Defendant admits that plaintiff, Christopher Williams, on occasion, worked in excess of forty hours per workweek. The remaining allegations of Paragraph 6.3 of the Original Petition are denied.

22. The allegations of Paragraph 6.4 of the Original Petition are denied.

23. The allegations of Paragraph 6.6 of the Original Petition are denied.

24. The allegations of Paragraph 6.7 of the Original Petition are denied.

25. The allegations of Paragraph 6.8 of the Original Petition are denied.

26. The allegations of Paragraph 7.1 of the Original Petition do not require an affirmative or negative response of Defendant.

27. The allegations of Paragraph 8.1, 8.1.1, 8.1.2, 8.1.3, 8.1.4, 8.1.5, 8.1.6, 8.1.7, 8.1.8, 8.1.9, 8.1.10 of the Original Petition require neither an affirmative nor a negative response of Defendant.  However, insofar as an answer is deemed necessary, those allegations are denied.

28. Defendant denies that it is liable to plaintiffs, and further denies that plaintiffs are entitled to any relief from Defendant.

29. Defendant denies all allegations in the Original Petition that are not expressly admitted by Defendant.

**AND NOW**, further answering, Defendant, **TREND SERVICES, INC.**, pleads as follows:

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff does not state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff was at all times exempt from the overtime obligations of the FLSA, as provided in, but not limited to, 29 U.S.C. § 213(b)(1).

### THIRD AFFIRMATIVE DEFENSE

At all material times, Defendant acted in a good faith belief that it was in compliance with all applicable statutes, laws, and regulations concerning payment of wages and any other compensation owed to plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

At no time did Defendant pay plaintiff in a manner known or believed to violate any applicable FLSA requirements, nor did Defendant compensate plaintiff in willful disregard of any applicable FLSA requirements.

### FIFTH AFFIRMATIVE DEFENSE

At all material times, Defendant paid plaintiff all sums of money to which plaintiff was entitled.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief because the act or omission complained of was in good faith conformity with and in reliance upon a written administrative regulation, order, ruling, approval, or interpretation of the Administrator of the Wage and Hour Division of the Department of Labor and/or an administrative practice or enforcement policy of such agency with respect to the class of employees to which plaintiff belonged.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any liquidated damages because the act or omission, if any, giving rise to such action was in good faith and Defendant had reasonable grounds for believing that its act or omission, if any, was not in violation of the FLSA.

### EIGHTH AFFIRMATIVE DEFENSE

On information and belief, plaintiff has failed to mitigate his alleged damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, if any, must be commenced within two (2) years after the claims accrued because any purported violation by Defendant was not willful.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not and cannot satisfy the requirements for proceeding in a collective action under the FLSA on behalf of himself and "all of those similarly situated."

### TWELFTH AFFIRMATIVE DEFENSE

A collective action may not be certified based on the factual allegations in the complaint/petition and the injuries claimed by plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring some or all of the claims alleged in Plaintiffs' Original Petition.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any violation by Defendant of state or federal law was *de minimis* and does not entitle plaintiffs to the relief sought in the Original Petition.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not satisfied and cannot satisfy the requirements for proceeding in a class action under Federal Rule of Civil Procedure 23.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not an adequate representative of the individuals he seeks to represent in this lawsuit.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses in the event additional persons become plaintiffs in this lawsuit, and/or as may be appropriate in connection with facts obtained through discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Defendant, **TREND SERVICES, INC.**, prays that this First Amended Answer and Affirmative Defenses be deemed good and sufficient and that, after the lapse of all legal delays and due proceedings had, Plaintiff takes nothing on the claims against Defendant, **TREND SERVICES, INC.**, the suit against **TREND SERVICES, INC.** be dismissed with prejudice and at Plaintiff's costs.  **TREND SERVICES, INC.** further requests such other relief, both legal and equitable, to which it may show itself justly entitled.

Respectfully Submitted,

**GIBSON~GRUENERT, PLLC**

BY:  s/Jason B. Boudreaux
**JASON B. BOUDREAUX**
Texas Bar No. 24071557
Southern District I.D. No. 1531837
*LEAD ATTORNEY*
jboudreaux@gibson-gruenert.com
**PAUL D. GIBSON**
Texas Bar No. 24026176
Southern District I.D. No. 302556
pgibson@gibson-gruenert.com
600 Jefferson Street, Suite 600
Post Office Box 3663
Lafayette, Louisiana 70502-3663
Telephone: (337) 233-9600
Facsimile: (337) 269-4675

**ATTORNEYS FOR DEFENDANT
TREND SERVICES, INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing DEFENDANT, TREND SERVICES, INC., FIRST SUPPLEMENTAL AND AMENDING ANSWER TO ORIGINAL PETITION was filed electronically with the Clerk of Court using the CM/ECF system. Said document has this date been served on all counsel of record in these proceedings by:

      ( ) CM-ECF   ( ) Hand Delivery   ( ) Prepaid U.S. Mail   (x) Facsimile

SIGNED this 11th day of January, 2013.

                                                  /s/Jason B. Boudreaux
                                                  Jason B. Boudreaux